IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EBENEZER ALAMIE-OMU NONJU,**

    **Plaintiff,**

vs.                                Case No. 4:23-cv-00201-AW-MAF

**EREKS ONOCHIE,**
et al.

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Ebenezer Alami-Omu Nonju, a non-prisoner, initiated this case with a letter, statement, and motion to proceed *in forma pauperis* (IFP). ECF Nos. 1, 4. The court denied the IFP motion; and Plaintiff paid the filing fee. ECF Nos. 6, 8. The court liberally construed the filings as an attempt to file a complaint pursuant to 42 U.S.C. § 1983. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court struck the filings as improper and legally insufficient and directed Plaintiff to amend on the proper form by **July 3, 2023**. ECF No. 6. Plaintiff filed an amended complaint but not on the proper form. ECF No. 9. Again, the court ordered Plaintiff to amend on the proper form. ECF No. 10. The court extended the deadline until **July 27, 2023**. Id. Plaintiff filed

a motion for an extension of time; and the court gave Plaintiff until **August 9, 2023**, to amend. ECF No. 13. As of the date of the drafting of this Report, Plaintiff did not amend his complaint on the proper form as ordered by the court. As explained below, this case should be dismissed.

**I.   Plaintiff's Amended Complaint, ECF No. 9.**

Plaintiff typed his amended complaint so that it appears like the court's required form; however, the "Basis for Jurisdiction" section contains Plaintiff's own statement, specifically, there was a violation of his "Fundamental Right to Privacy and family life . . . in several ways to undermine his pursuit of his livelihood, and happiness." ECF No. 9, p. 3. Plaintiff also omitted the section which indicates whether defendants are federal- or state officials. Id.

In the "Statement of Facts," Plaintiff alleges that defendants are members of "a syndicate operating . . . in Nigeria and [the] United States." Id. Plaintiff refers to each defendant as "1st Defendant," "2nd Defendant," etc., rather than by name. Allegedly, in 2015, two defendants enticed his wife to abandon the marriage and traffic their children to the United States without Plaintiff's knowledge or consent. Id. Other defendants deceived him into believing they would help him reunite with his children. Id. Plaintiff stayed at the home of the "3rd Defendant," but his efforts were undermined; and the

defendant threw Plaintiff out of the home. Id. Allegedly, the same defendant committed fraud to get $1,000.00 from Plaintiff and stole his immigration paperwork. Id., pp. 3-4. Plaintiff alleges "4th Defendant" recommended a lawyer who wrote a damaging report to immigration officials and frustrated Plaintiff's asylum status. Id., p. 4. Plaintiff alleges "5th Defendant" had Plaintiff's laptop and documents stolen at an airport. Id., p. 4.

Plaintiff seeks a declaration that his children were removed illegally as an invasion of his privacy and a restraining order prohibiting defendants from interfering with his right to enjoy his family and access to his children and from stalking him and "weaponiz[ing]" officials against him. Id., pp. 5-6. Plaintiff wants a written apology and an invalid amount in punitive damages ("$5000,000.00"). Id., p. 5.

There is no knowing when, where, or how any of these alleged events occurred; the enticement of Plaintiff's wife to leave with the children likely occurred eight years ago in Nigeria. It is the quintessential shotgun pleading. Plaintiff presents allegations seeking to initiate criminal proceedings or seeking relief for criminal activity (fraud, theft, human trafficking) for which he has no standing to pursue.

The court will not accept a complaint from a *pro se* litigant that is not on the required form. See N.D. Fla. Loc. R. 5.7(A) (". . . The court need not -

and ordinarily will not – consider a petition, motion or complaint that is not filed on the proper form." The court advised Plaintiff to amend his complaint on the proper form on three occasions and that failure to comply would result in a recommendation of dismissal, but Plaintiff ignored the court's orders.

## II. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff failed to comply with three court orders to properly amend the complaint by the set deadlines. ECF Nos. 6, 10, 13. This case has been pending since May 17, 2023. ECF No. 1. Plaintiff

had liberal opportunity to amend. Notwithstanding Plaintiff's failure to comply with court orders, dismissal is also proper for the reasons stated below.

## III.  Lack of Standing.

Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction..." Plaintiff does not indicate the basis for jurisdiction over his claims; rather, he revised the section of the form related to the basis for jurisdiction. ECF No. 9, p. 3. Still, a district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims. See Fed. R. Civ. P. 12((h)(3).

The court previously advised Plaintiff if he is alleging Defendants committed any crimes against him it is insufficient to state any claim for relief. ECF No. 10, p. 7. Such claims are squarely foreclosed by Supreme Court precedent. Citizens in Plaintiff's position do not have a constitutional right to have police officers arrest another citizen. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause . . ."); DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect

the life, liberty, and property of its citizens against invasion by private actors."); see also Lovins v. Lee, 53 F.3d 1208, 1209 (11th Cir. 1995).

Any reliance on the criminal statutes to create a private right of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). More importantly, the decision to prosecute generally rests entirely in the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).

Similarly, this court has no jurisdiction over any claims relating to the custody and visitation of Plaintiff's children. The Supreme Court has consistently reaffirmed the longstanding doctrine that federal courts lack jurisdiction over questions of child custody, divorce, or alimony. See Ankenbrandt v. Richards, 504 U.S. 689, 703-07 (1992).

## IV. Defendants are Not State Actors

None of the defendants are state actors for the purposes of Section 1983. To succeed, the plaintiff must "prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v.

Case 4:23-cv-00201-AW-MAF   Document 14   Filed 08/10/23   Page 7 of 9

Page 7 of 9

Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff's factual account is scant and does not demonstrate that any of the defendants' conduct, actions, or inactions are somehow attributable to the state or that they were acting under color of state law.

The same is true if Plaintiff is attempting to sue for constitutional violations under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Congress enacted 42 U.S.C. § 1983 to "[provide] a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials but provided no corresponding remedy for constitutional violations by agents of the Federal Government." Ziglar v. Abbasi, 582 U.S. 120, 121 (2017). The Supreme Court "recognized in Bivens an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures." Id. The Court expanded the holding in Bivens to Fifth Amendment due process gender discrimination and Eighth Amendment cruel and unusual punishment clause cases. See Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980). Carlson, however, the Court rejected the expansion of Bivens beyond the specific contexts of Davis and Carlson. See e.g., Egbert, 596 U.S. ___, ___, 142 S. Ct. at 1797

(compiling a list of eleven cases in which the Court refused to expand Bivens). Apparently, defendants are not federal agents either; and the violations alleged do not fall into any of the categories which warrants relief under Bivens. Vague allegations that defendants violated any constitutional rights or federal statutes is insufficient to warrant relief.

## V.  Misjoinder

Alternatively, the case should be dismissed because Plaintiff's claims are misjoined. Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate. The fact that defendants may be members of the same "syndicate" is insufficient to join them in one action.

Here, it is not readily apparent how the various claims arise from the same series of occurrences. A lawsuit against multiple defendants based on unrelated events creates case management problems, prejudices the defendants, and is fundamentally unfair. For instance, how one defendant may have committed fraud or stole Plaintiff's immigration papers is not

related to another defendant's interference with the custody or access to Plaintiff's children. These defendants would present unique defenses that would require different evidence. Claims arising out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees. Dismissal is appropriate. The court advised Plaintiff of this deficiency, but he did not amend. ECF No. 10.

## VI.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 9, be **DISMISSED WITHOUT PREJUDICE** because it fails to comply with the Rules governing this proceeding and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where ethe litigant has been forewarned, generally is not an abuse of discretion."). Alternatively, the case may be dismissed because Plaintiff lacks standing and because his claims are misjoined. Finally, it is **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on August 10, 2023.

                                             s/ Martin A. Fitzpatrick
                                             **MARTIN A. FITZPATRICK**
                                             **UNITED STATES MAGISTRATE JUDGE**